UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NIKI NUNES, individually and on behalf of all persons similarly situated, CHRIS SMITH, individually and on behalf of all persons similarly situated, MITZI WALLACE, individually and on behalf of all persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HOME DEPOT U.S.A., INC., a Delaware corporation; and DOES 1 through 50, Inclusive,<br><br>Defendants. | No. 2:19-cv-01207-JAM-DB<br><br>**ORDER DENYING PLAINTIFFS' MOTION TO REMAND** |

Plaintiffs sued Home Depot U.S.A., Inc. ("Home Depot" or "Defendant") in San Joaquin County Superior Court for alleged violations of the California Labor Code. Compl., ECF No. 1-2. Home Depot removed the case to federal court. Notice of Removal, ECF No. 1. Plaintiffs now move to remand the case to state court. Mot., ECF No. 4.

For the reasons set forth below, this Court DENIES Plaintiffs' motion.[1]

I. FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

Plaintiffs Niki Nunes, Chris Smith, and Mitzi Wallace (collectively "Plaintiffs") are hourly-paid, non-exempt Warehouse Associate employees for Home Depot at its Tracy Distribution Center. Compl. ¶¶ 3-5. Plaintiffs are citizens of California. Mello Decl., ECF No. 1-5. Home Depot is Delaware corporation with its principal place of business in Atlanta, Georgia. Id.

On May 24, 2019, Plaintiffs filed the Complaint in San Joaquin County Superior Court (Case No. STK-CV-UOE-2019-6656), bringing six causes of action against Home Depot for purported violations of the California Labor Code for its failure to pay minimum wages, pay overtime wages, provide meal breaks, provide rest breaks, timely pay final wages due, and provide accurate itemized wage statements. See Compl. Plaintiffs also assert a claim under California's unfair competition law. Id. Plaintiffs bring these claims on behalf of a putative class of all current and former non-exempt Warehouse Associates employed by Home Depot at the Tracy Distribution Center at any time during the four years (for the unfair competition law claim) or three years (for the California Labor Code claims) prior to filing of the Complaint. Compl. ¶¶ 30, 39.

Home Depot timely removed the case to federal court,

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for August 27, 2019.

2

asserting federal jurisdiction under CAFA. Notice of Removal; 28 U.S.C. § 1332(d)(2). Plaintiffs timely moved to remand the case to San Joaquin County Superior Court. Mot. Home Depot opposes the motion. Opp'n, ECF No. 5.

## II. OPINION

### A. Judicial Notice

Home Depot asks this Court to take judicial notice of the complaint in Ramirez v. Carefusion Resources, LLC, No. 3:18-cv-02852-BEN-KSC (S.D. Cal.). RJN, ECF No. 5-2. Plaintiffs do not oppose this request. And since judicial notice of the existence of court records is routinely accepted, the request for judicial notice is granted as to the existence of the complaint but not as to the truth of its contents.

### B. CAFA Jurisdiction

CAFA gives federal district courts original jurisdiction in any civil action where: (1) the amount in controversy exceeds $5 million, exclusive of interest and costs; (2) the number of putative class members is not less than 100 persons; and (3) any member of a class of plaintiffs is a citizen of a State different from any defendant. 28 U.S.C. § 1332(d). Plaintiffs do not contest the minimal diversity or class size requirements, and this Court finds those requirements satisfied.

### C. Disputed Amount in Controversy

In the Notice of Removal, Home Depot includes allegations and calculations as to the amount in controversy and concludes, "[i]n sum, by conservative estimates, . . . the total monetary relief placed in controversy by the complaint exceeds $7

3

million." Notice of Removal ¶¶ 13-23 (relying on Declaration of G. Edward Anderson, Ph.D., ECF No. 1-6). Plaintiffs dispute this estimate and argue, as alleged in their Complaint, the amount in controversy is less than $5 million. See Mot.; Compl. ¶¶ 30, 39.

When challenged, as here, a defendant removing pursuant to CAFA must prove, by a preponderance of the evidence, the amount in controversy exceeds the $5 million jurisdictional threshold. 28 U.S.C. § 1446(c)(2)(B); Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S. Ct. 547, 553-54 (2014); see also Ibarra v. Manheim Investments, Inc., 775 F.3d 1193, 1197 (9th Cir. 2015) ("[T]his rule is not altered even if plaintiffs affirmatively contend in their complaint that damages do not exceed $5 million."). "Under this system, CAFA's requirements are to be tested by consideration of real evidence and the reality of what is at stake in the litigation, using reasonable assumptions underlying the defendant's theory of damages exposure." Ibarra, 775 F.3d at 1198. Moreover, in contrast to the presumption against removal for cases invoking diversity jurisdiction, "no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." Dart, 135 S. Ct. at 554 (citing S. Rep. No. 109-14, p. 43 (2005) (CAFA's "provisions should be read broadly with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.")).

Plaintiffs argue the sum calculated in the Notice of Removal is "supported by unreliable declaration testimony, unreasonable assumptions, an ambiguous and speculative method of calculating

4

the data, and missing information and data points." Mot. at 4. As a threshold matter, this Court is not persuaded that the Declaration of G. Edward Anderson, which forms the basis of Home Depot's amount in controversy calculation, is speculative or self-serving. Dr. Anderson is an experienced, privately-retained economist and statistical researcher, and his sources and methods – discussed below and reinforced in his second declaration (ECF No. 5-1) – are sound. Contra Garibay v. Archstone Communities LLC, 539 F. App'x 763, 764 (9th Cir. 2013).

   1.   Meal and Rest Break Violations

Plaintiffs' Fourth and Fifth Causes of Action allege meal and rest break violations. Under California law, a plaintiff may recover the equivalent of one hour of pay at his or her regular rate for each workday that a required meal or rest break is not provided. Cal. Lab. Code § 226.7(c).

To determine the amount in controversy for these claims, Dr. Anderson reviewed Home Depot's human resource, payroll, and timekeeping records for non-exempt Warehouse Associates working at the Tracy Distribution Center since May 24, 2015. Anderson Decl. ¶ 5. Dr. Anderson discerned the number of relevant workers (1,164), calculated the employees' sum total workweeks (79,866), and determined their average hourly pay ($16.43, excluding extreme highs and lows). Id. ¶ 6; ECF No. 5-1 ¶¶ 5, 13-15. Home Depot then assumed each employee missed just one meal break and one rest break per week. Notice of Removal ¶¶ 14-15. The Complaint alleges that Home Depot had a "uniform policy and practice" with respect to meal breaks whereby it "often" failed to provide class members with all legally required meal breaks,

causing class members to, "from time-to-time," forfeit meal breaks without compensation. Compl. ¶¶ 17, 93. The Complaint further alleges that Home Depot had a "uniform policy, practice, and procedure" restricting rest breaks resulting in class members "periodically" (or "from time to time") being denied required rest breaks, with the number of missed rest breaks varying by class members' work schedules. Id. ¶¶ 19, 97. Based on this language, this Court finds Home Depot's assumption of one missed meal break and one missed rest break per week to be reasonable. See also ECF No. 5-1 ¶¶ 6-12.

Based on this analysis, Home Depot multiplied the relevant values (number of workweeks x average hourly pay x one violation per week for each claim), yielding an amount in controversy for these two claims of over $2.62 million. Notice of Removal ¶ 14.

### 2. Waiting Time Penalties

Plaintiffs' Seventh Cause of Action alleges that, as a result of Home Depot's failure to compensate for missed meal and rest breaks, Home Depot failed to accurately pay final wages owed to employees upon termination. See Compl. ¶ 110. Under California law, a failure to pay all wages due upon termination results in a penalty equal to the employee's daily wages, for up to 30 days of pay. Cal. Lab. Code § 203.

To calculate the potential amount in controversy for this claim, Dr. Anderson determined the number of putative class members who were terminated more than 30 days prior to the filing of the complaint (541) and calculated the average daily wages of these individuals ($135.82). Notice of Removal ¶ 17; Anderson Decl. ¶ 7. Home Depot then assumed a 100 percent violation rate,

such that each employee would be owed the maximum 30-day's wages. Notice of Removal ¶ 16. The Complaint "demand[s] up to thirty days of pay as penalty for not paying all wages due at time of termination for all employees who terminated employment during the [claims] period." Compl. ¶ 111. Given the allegations, it is reasonable to assume the terminated class members suffered at least one violation (e.g. one missed meal or rest break) and were therefore not paid all wages owed upon termination. Likewise, it is reasonable to assume Home Depot did not remedy that alleged error within 30 days of terminating any class member. This Court therefore finds, based on the Complaint, Home Depot's assumption of the maximum penalty of 30 days of pay is reasonable. See e.g., Ramirez v. Carefusion Res., LLC, No. 18-CV-2852-BEN-MSB, 2019 WL 2897902, at *4-5 (S.D. Cal. July 5, 2019).

Based on this analysis, Home Depot multiplied the relevant values (number of terminated employees x average daily pay x thirty days), yielding an amount in controversy for this claim of over $2.2 million. Notice of Removal ¶ 17.

### 3. Inaccurate Wage Statements

Plaintiffs' Sixth Cause of Action alleges that, as a result of Home Depot's failure compensate for missed meal and rest breaks, Home Depot failed to provide employees with accurate wage statements. See Compl. ¶¶ 25, 101; Cal. Lab. Code § 226(a). Under California law, for an employer's failure to provide accurate wage statements, an employee may seek penalties of $50 for the initial pay period in which a violation occurred and $100 for each subsequent pay period with a violation, not to exceed an aggregate of $4,000 per employee. Cal. Lab. Code § 226(e).

To calculate the potential amount in controversy for this claim, Dr. Anderson first determined the number of putative class members who worked during the relevant one-year limitations period (595) and the average number of pay periods worked by these employees during that period (16). Notice of Removal ¶ 19; Anderson Decl. ¶ 8. Home Depot then assumed a 100 percent violation rate, such that each employee would be owed for 16 violations. Notice of Removal ¶ 19. The Complaint alleges Home Depot failed to provide an accurate statement not just as to missed meal and rest breaks, but as to "all the requirements under Labor Code § 226", which "from time to time" resulted in inaccurate wage statements. Given the allegations, it is reasonable to assume the class members suffered at least one violation (e.g. one missed meal or rest break) per pay period. This Court therefore finds, based on the Complaint, Home Depot's assumption of a 100 percent violation rate is reasonable. See e.g., Ramirez, 2019 WL 2897902, at *4.

Based on this analysis, Home Depot multiplied the relevant values (number of class members within limitations period x average number of pay periods x $50 for first pay period and $100 for the subsequent periods), yielding an amount in controversy for this claim of over $922,000. Notice of Removal ¶ 19.

### 4. Attorneys' Fees

In calculating the amount in controversy, Home Depot properly included attorneys' fees, and used the established 25% benchmark in doing so. Garibay, 539 F. App'x at 764. Thus, the potential attorneys' fees on four claims discussed above place an additional $1.4 million in controversy. Notice of Removal ¶ 22.

D. Conclusion

Plaintiffs' attacks on Dr. Anderson's declaration and the assumptions in Home Depot's Notice of Removal fail. Home Depot's assumptions are grounded in reason and drawn directly from the allegations in the Complaint; they are not "pulled from thin air." Ibarra, 775 F.3d at 1199. The calculations in the Notice of Removal, supported by the accompanying explanations and declarations, are persuasive and yield an amount in controversy of over $7 million. Thus, this Court finds Home Depot has proven, by a preponderance of the evidence, that the amount in controversy in this case exceeds $5 million.

Home Depot will "still [be] free to challenge the actual amount of damages in subsequent proceedings and at trial." Ibarra, 775 F.3d at 1198.

## III. Sanctions

This Court issued its Order re Filing Requirements ("Filing Order") on July 1, 2019. ECF No. 2-2. The Filing Order limits reply memoranda for motions to remand to five pages. The Filing Order also states that an attorney who exceeds the page limits must pay monetary sanctions of $50 per page. Plaintiffs' reply brief exceeds the page limit by five pages. This Court therefore ORDERS Plaintiffs' counsel to pay $250 to the Clerk of the Court within five days of the date of this Order.

///
///
///
///

## IV. ORDER

For the reasons set forth above, this Court DENIES Plaintiffs' Motion to Remand. ECF No. 4.

IT IS SO ORDERED.

Dated: September 11, 2019

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE